# Exhibit 3

# ST. LOUIS COUNTY PORT AUTHORITY

7733 FORSYTH BLVD., SUITE 2200
ST. LOUIS, MO 63105

July 31, 2019

The Honorable Catherine D. Perry
U.S. District Court for the Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

Re:     United States of America v. Steven V. Stenger, Cause No. 4:19CR312
        United States of America v. Sheila A. Sweeney, Cause No. 4:19CR375

Dear Judge Perry:

In accordance with pleas entered by Steven V. Stenger and Sheila A. Sweeney, the defendants in the above referenced cases (together, the "Defendants"), the St. Louis County Port Authority (the "Port Authority") is a victim of crimes committed by Defendants. Please accept this letter as a statement on behalf of the Port Authority under 18 U.S.C. § 3771.

The Port Authority is a political subdivision formed in 1978 under Chapter 68, Revised Statutes of Missouri. The Port Authority's Board of Commissioners is appointed by St. Louis County, Missouri. The Port Authority, which is managed by the St. Louis Economic Development Partnership, administers a budget in excess $5,000,000 annually. At all times covered by the guilty pleas of Defendants, the Port Authority's Board of Commissioners was appointed by and under the control of Stenger, and Sweeney acted as Executive Director of the Port Authority.

The corruption scheme the Defendants devised and executed, as described in their guilty pleas, caused substantial direct financial loss to the Port Authority, including the following:

- A fraudulent contract between the Port Authority and Cardinal Creative Consulting was executed at the direction of Stenger and Sweeney in the amount of $130,000, for which the Port Authority derived no benefit.
- Other contracts that produced little or no benefit were awarded to private parties at the direction of Stenger and Sweeney outside of normal Port Authority policies and procedures. While still under investigation, the cost to the Port Authority of such contracts producing little or no public benefit is as much as and potentially more than $399,000.
- More than $7,000,000 of unnecessary and ill-conceived grants of Port Authority funds were awarded to various public and private parties at the direction of Stenger and Sweeney outside of normal Port Authority policies and procedures; more than $2,000,000 of such grants are being honored for legal reasons while $5,000,000 of such grants have been cancelled to mitigate the Port Authority's damages, albeit at substantial reputational cost to the Port Authority.
- Outside consulting, legal and audit/accounting contracts and fees to investigate and review Port Authority operations during the Stenger and Sweeney administrations have been entered into and incurred, currently in excess of $250,000.

The Honorable Catherine D. Perry
July 31, 2019
Page 2

The impact to the Port Authority's normal operations of Defendant's corruption scheme has also been significant. As a result of action by the County Council in response to the growing evidence of possible malfeasance by Stenger and Sweeney, the Port Authority effectively ceased all operations and expenditures of funds between June 2018 and April 2019, when Stenger resigned as County Executive. The following are examples of Port Authority operations and legal obligations that were delayed or impeded during the shutdown:

- The renewal, extension or payment of legitimate community reinvestment grants to other organizations that relied upon such grants, including grants to Great Streets Natural Bridge Community Development Corp.; Lemay Housing Partnership; UAW Labor Employment Training Corp.; The Housing Partnership; NCADA Prevention First; Lemay Child & Family Center; and Affton Athletic Association.
- The management of a port authority improvement district and a foreign trade zone within the port district, as described in Chapter 68, RSMo.
- Consideration of temporary and permanent easement requests for the Metropolitan Sewer District.
- The purchase and sale of material real estate assets on behalf of St. Louis County and others.
- The redevelopment of the former Jamestown Mall.
- Completion of a major streetscape and stormwater drainage project in Lemay.
- The regular maintenance and management of Port Authority owned property, which has resulted in numerous code citations and unsafe conditions.
- All other critical economic development activities ordinarily performed by the Port Authority.

The Port Authority has also suffered severe reputational damage as a result of Defendants' corruption scheme, which will hinder its ability to perform its mission now and in the future. The Port Authority's ability to effectively operate within St. Louis County and to attract local, state and federal funding for its projects is in large part dependent upon its credibility, and Defendants' conduct has immeasurably injured the public's trust and perception of the Port Authority. Because the Port Authority was central to the Defendants' schemes, it is impossible to estimate the time, effort and money that will be required to eliminate the taint of Defendants' crimes and restore its previously outstanding reputation within the community.

Finally, the Port Authority continues to be directly impacted by the damage done to the St. Louis Economic Development Partnership, as it has historically relied entirely upon the Partnership for staffing and leadership. As a result, all of the damage and impact to the Partnership has resulted in an indirect, but equally material, impact to the Port Authority. In late June 2019, the newly appointed Board of Commissioners commenced a detailed review of the records and operations of the Port Authority during the approximately 4-year tenures of Stenger and Sweeney. Thus, the Port Authority is engaged in an ongoing process to determine the impact of the Defendants' crimes on the Port Authority.

We appreciate the opportunity to provide this information for your consideration.

Sincerely,

**The Board of Commissioners of the St. Louis County Port Authority**