Exhibit 4

# LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY

7733 FORSYTH BLVD., SUITE 2200
ST. LOUIS, MO 63105

August 1, 2019

The Honorable Catherine D. Perry
U.S. District Court for the Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

Re:     *United States of America v. Steven V. Stenger*, Cause No. 4:19CR312
        *United States of America v. Sheila A. Sweeney*, Cause No. 4:19CR375

Dear Judge Perry:

In accordance with pleas entered by Steven V. Stenger and Sheila A. Sweeney, the defendants in the above referenced cases (together, the "Defendants"), the Land Clearance for Redevelopment Authority of the County of St. Louis (the "LCRA") is a victim of crimes committed by the Defendants. Please accept this letter as a statement on behalf of the LCRA under 18 U.S.C. § 3771.

The LCRA is a political subdivision formed in 1956 under Land Clearance for Redevelopment Authority Law, §§ 99.300 to 99.660, RSMo. The LCRA's Board of Commissioners is appointed by St. Louis County and is managed through the St. Louis Economic Development Partnership. The LCRA exists to eradicate and redevelop blighted and insanitary areas as part of long-term comprehensive planning.

The corruption scheme devised and executed be Defendants, as described in their guilty pleas, caused substantial direct financial loss to the LCRA, including the following:

- Fees and costs to review and respond to multiple deficient "development plans" submitted by Wellston Holdings, LLC for land it acquired through the Defendants' illegal schemes.
- Fees for crisis communications in connection with LCRA denials of Wellston Holdings, LLC's deficient development plans.
- Undetermined fees and costs of staff in connection with Wellston Holdings, LLC's deficient development plans.

It is critical for the LCRA to recover the land sold to Wellston Holdings, LLC. The LCRA spent over 20 years assembling and performing environmental cleanup on the two parcels of land sold to Wellston Holdings, LLC. It's estimated that the LCRA, mostly through federal grants, invested about $10,000,000 in environmental cleanup costs to make the property suitable for development and marketable.

To recover these parcels, the LCRA's current legal mechanism is exercising a right of repurchase from Wellston Holdings, LLC, which itself participated in the Defendants' illegal scheme. Repurchasing the properties will result in additional financial hardship to the LCRA because the LCRA may be required to borrow all or a portion of the amount needed to fund the repurchase.

Finally, we respectfully suggest that the Court consider the substantial loss to the communities the LCRA serves. Damage to the LCRA is damage to communities it serves. The LCRA has lost the opportunity to consider other development opportunities during Wellston Holdings, LLC's ownership of the properties. Additionally, the LCRA has been at the center of public controversy in connection with the Defendants' crimes, causing mistrust and loss of credibility in the communities it serves, such as the City of Wellston. The Defendants' crimes caused delay and mistrust that will impact the LCRA's ability carry out its long-term plan to attract investment, expand the City's and County's tax base, and create jobs in the City of Wellston and surrounding areas.

The Defendants' scheme sought to remove benefits from the community and confer those to private individuals in exchange for direct gain to the Defendants and others. Their illegal scheme has in fact delayed, and will continue to hinder, development in communities with the most need. The human impact and cost of this is virtually incalculable.

Sincerely,

**The Board of Commissioners**
**of the Land Clearance for Redevelopment Authority of the County of St. Louis**